# A. C. Dale

## *v.*

## State of Illinois.

*Opinion filed February 17, 1915.*

1. Non-liability of State—*not liable to persons injured at State Fair.* The State is not liable for injuries received by persons attending the State Fair, even though the officers and employees of said fair are guilty of negligence, and such negligence be the cause of the injuries. (*Minear* v. *The State Board of Agriculture*, 259 Ill., 549.)

2. Jurisdiction—*Act creating Court did not enlarge State's liability.* The law creating the Court of Claims did not create a new liability against the State, but simply provided a method by which a claim may be heard by the Court.

3. Practice—*Court governed by Supreme Court decisions.* The Court of Claims will be governed as to the law as the same is declared by the Supreme Court of this State.

K. C. Ronalds, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The claimant in this case seeks to recover damages against the State for injuries sustained by him while attending the Illinois State Fair at Springfield, Illinois, in 1911.

The facts relative to this claim are partially presented to us under a stipulation which in substance recites, that the State Board of Agriculture held its annual State Fair for the year 1911 on the grounds owned by it in the city of Springfield, county of Sangamon and State of Illinois; that in addition to its various exhibits they had a program of amusements which included various contests upon their tracks or race courses; that claimant was injured while attending said fair on account of the wooden amphitheatre or bleachers collapsing and falling down; that claimant filed his suit for damages against the State Board of Agriculture in the circuit court of Saline County, Illinois; that while said suit was pending and undisposed

of, the case of *Minear* v. *The State Board of Agriculture,* 259 Ill., 549, which was a similar case, was decided by the Supreme Court of this State in favor of the State Board of Agriculture and that claimant thereafter dismissed his suit in the circuit court of Saline County.

The State has filed a demurrer to the claimant's declaration and it is only necessary for us to pass upon the legal aspect of the case thus presented without inquiring into the nature or causes of the injuries in question.

In the case of *Minear* v. *The State Board of Agriculture, supra,* the court held, that the State Board of Agriculture was not liable in an action of tort for damages received by the collapsing of the bleachers or elevated seats provided for spectators of the races at the State Fair, even though the board may have been guilty of negligence in not discovering the defective conditions of said seats or bleachers, because the board is an arm of the government, and its acts were governmental.

The law creating the Court of Claims does not create a new liability against the State but simply provides a method by which a claim may be allowed or rejected on a hearing before the Court. (*Johnson* v. *State,* 1 Ct. of C. R., p. 208.)

This being true, it is our duty to follow the established precedents of the highest court of record in this State, and in view of the holding in the *Minear case, supra,* we are of the opinion that the declaration does not present a cause of action against the State and the demurrer to the same is accordingly sustained.